UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LaCROIX, <br><br> Plaintiff, <br><br> v. <br><br> ERIC HOLCOMB, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-193-JD-MGG |

OPINION AND ORDER

Terry LaCroix, a prisoner proceeding without a lawyer, filed an original complaint that was 454 pages with attachments and named 186 different defendants, alleging a variety of claims including that he was denied his right to privacy, allowed to "die 5 times" due to medical negligence, subjected to racism and excessive force, denied his mail, "tortured by ISP terrorist cell," and "denied hot food and coffee." (ECF 1.) The court struck the complaint, but granted him leave to file an amended complaint that complied with Federal Rule of Civil Procedure 8 and contained only related claims against related defendants. (ECF 6.) He responded by filing the present amended complaint, which asserts eleven separate claims against a total of 150 defendants. (ECF 8.) He claims that on different dates over the past 18 months, he was subjected to excessive force, denied proper medical treatment for a broken arm, drugged and hazed by correctional officers, denied items of personal property, had commissary items stolen by other inmates at the behest of a correctional officer, and was slandered by a correctional officer, among other matters.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Because Mr. LaCroix is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As outlined above, Mr. LaCroix asserts claims against a vast group of defendants arising from distinct occurrences. He was previously told that unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*George v. LaCroix*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). Particular care

must be taken in the case of prisoner-plaintiffs like Mr. LaCroix. The Seventh Circuit has directed district courts to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act. *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

When a plaintiff files a complaint with unrelated claims, the court's preferred course is to allow him to choose which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. *See Owens*, 878 F.3d at 566; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Here, however, the court gave Mr. LaCroix an opportunity to choose, but he responded by reasserting unrelated claims against 150 defendants in the same complaint.¹ Therefore, the court will proceed to screen the first claim outlined in the amended complaint, a claim of excessive force. The remaining claims will be dismissed without prejudice to Mr. LaCroix asserting them in separate lawsuits should he choose to do so. *See Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) ("When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined."); *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) ("[T]he district

---

¹ To the extent Mr. LaCroix is claiming that there was a vast conspiracy amongst the 150 defendants to harass him and violate his rights, the court does not find this a plausible basis for linking his disparate claims together. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

3

court has the discretion to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice.").

Mr. LaCroix alleges that on September 25, 2020, he was exercising in his cell when he fell and broke his left arm. He claims that Correctional Officers Cook and Shy (first names unknown) were making their rounds and heard him crying out for medical assistance. They came to his cell and told him he needed to "cuff up"—or put handcuffs on. He told them he couldn't because his arm was broken. They allegedly told him they were going to walk away and leave him there if he didn't submit to handcuffs. He then submitted to being handcuffed, which caused him significant pain because of his arm injury. He claims they then dragged him out of his cell by his arms and slammed his head into a metal box. As they were escorting him to the medical unit, they allegedly told him that if he passed out they would "throw me face first into the concrete." He alleges that their actions caused him pain and exacerbated his arm injury.[2]

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force

---

[2] Within claim one, Mr. LaCroix also asserts that medical staff at the prison failed to give him proper medical care after the incident with Officers Cook and Shy, but the court does not find such a claim sufficiently related to the excessive force claim to proceed in the same lawsuit. This claim is being dismissed without prejudice.

4

was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Mr. LaCroix the inferences to which he is entitled at this stage, he has plausibly alleged that Officers Cook and Shy used more force than was necessary under the circumstances. Specifically, he alleges that they forced him to wear handcuffs even though he had an arm injury, and grabbed and pulled him by the arms, also banging his head into a metal box. They allegedly threatened to use more force against him if he passed out, which was not something within his control. He claims their actions caused him pain and further injured his arm. He alleges enough to proceed past the pleading stage against these defendants on a claim for damages under the Eighth Amendment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Correctional Officers Cook and Shy (first names unknown) in their personal capacity for monetary damages for using excessive force against him on or about September 25, 2020, after he fell and injured himself in his cell;

(2) DISMISSES WITHOUT PREJUDICE the plaintiff's unrelated claims against Baine, Baker, Banks, Bradberry, Brenda, Dawn Buss, CO (name unknown), CO (Hvy set female in training), CO (Banks Partner, Dec. 2, 2020), CO (escorting with Sgt. Stone), Albright, Allman, Anderson, Aronald, Cannaberry, Catscnellis, Chambers, Collins, Craig, DR, Dustin, Haskley, Holmes, Huglas, M. Itodo, Jackson, Frazier, Fredanellia, Free, Sherri Fritter, Gills, Gordon, Graham, Greaues, Hall, Dayna R. Hannon, Harris, Hilliker, LT, Larry, Lott, Lynch, Machentis, Mail Room Staff, Meadows, Mitchell, Ms. G,

5

Ms. M., Ms. Z., Ron Neal, Lt. Neal, Sgt. (of Mexican descent), Johnboy, Nunn, Parnelle, Wayne Peebles, Ramos, Salazara, Samantha, Sanders, Stevens, Sudia, UTM, Wilson, Wins, Wolfred, Wood, Sgt., Smith, Snowvall, Spakes, Spikes, M. Staples, Stone, Stryker, Taskos, Teauge, Thompson, Tremble, Turner, Johnboy, Kay, Tiffany Turner, Heather Verdon, Walker, Warlow, Washington, Webb, Weldon, Wheeler, Whiten, Zimmerman, Counselor Davis, Case Manager Swag, Officer Parrom, Ms. Bodkin, Rhonda Brennan, Kristine Conefers, Mark Newkirk;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officers Cook and Shy (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS Correctional Officers Cook and Shy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 22, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT